**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| John Hilaire, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| | ) | Case No. |
| V. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC | ) | **FCRA** |
| | ) | |
| | ) | |
| Defendant. | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |

## I. NATURE OF THE ACTION

1. This civil action by Plaintiff John Hilaire is for damages and equitable relief arising from Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 et seq.

2. Plaintiff challenges Defendant's unlawful handling of disputed information appearing in the consumer file maintained by Equifax, including Defendant's failure to conduct a reasonable reinvestigation, failure to consider the substance of Plaintiff's dispute, and failure to provide the statutorily required method of verification after claiming that the disputed information was "verified."

3. As a result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, and other financial and personal harms.

1

## II. <u>JURISDICTION AND VENUE</u>

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States of America, including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction in any appropriate United States district court without regard to the amount in controversy.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b et seq., pursuant to 28 U.S.C. § 1367, because that claim forms part of the same case or controversy as Plaintiff's federal claims and arises from a common nucleus of operative facts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because defendant conducts business in this state, and because a substantial part of the events and omissions giving rise to the claims occurred in this District, including Equifax's reporting, reinvestigation failures, and communications sent to Plaintiff in the state of Connecticut.

## III. <u>PARTIES</u>

8. Plaintiff is a resident of the State of Connecticut, and for purposes of this action, Plaintiff meets the definition of a "consumer".

9. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, maintaining, and furnishing consumer credit information to third parties for profit.

10. Defendant Equifax Information Services LLC is a foreign limited liability company authorized to do business in the State of Connecticut.

## IV. FACTUAL ALLEGATIONS

11. On or about August 7, 2025, Plaintiff obtained a copy of his consumer report information, which reflected multiple tradelines being maintained and published by Defendant Equifax Information Services LLC.

12. The consumer file maintained by Equifax concerning Plaintiff included, among others, the following tradelines: American Express, Apple Card/Goldman Sachs Bank USA, Navy Federal Credit Union, Nationstar Mortgage, and First Tech Federal Credit Union.

13. Plaintiff disputed Equifax's reporting and continued publication of these tradelines, including the lack of documentation demonstrating lawful reporting, permissible purpose, and verification.

14. On December 14, 2025, Plaintiff submitted a dispute directly through Equifax's online dispute system regarding the above-referenced tradelines.

15. Plaintiff's dispute was not limited to account ownership or payment history, but challenged the accuracy, legality, and reporting basis of the information appearing in the consumer file.

16. On December 14, 2025, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau ("CFPB") concerning the same disputed tradelines.

17. The CFPB complaint was submitted to preserve the record of Plaintiff's dispute and to ensure regulatory oversight of Defendant's handling of the matter.

18. Plaintiff's dispute did not concern account ownership, balances, or identity..

19. Instead, Plaintiff challenged whether Equifax had lawful authority to possess, process, and report Plaintiff's nonpublic personal information, including compliance with federal privacy laws and permissible-purpose requirements.

20. Plaintiff requested proof of consent, lawful authority, and documentation supporting Equifax's reporting, or removal of the disputed information.

21. Equifax indicated that it completed its investigation on or about December 31, 2025.

22. In response, Equifax issued determinations stating that the disputed tradelines were "verified," "reported correctly," or "belong to" Plaintiff.

23. Equifax further indicated that certain accounts were "updated" based on information received.

24. Equifax did not provide documentation demonstrating lawful authority, permissible purpose, or compliance with Plaintiff's specific dispute.

25. On or about January 11, 2026, Plaintiff submitted a request through the CFPB seeking the method of verification used by Equifax.

26. Plaintiff specifically requested documentation showing how the disputed information was verified and whether lawful authority and privacy requirements were satisfied.

27. In response, Equifax did not provide the specific method of verification used for Plaintiff's disputed tradelines.

28. Instead, Equifax provided a generalized description of its dispute process, stating that disputes are forwarded to furnishers, reviewed, and returned electronically.

29. Equifax did not identify the specific procedures used to determine that the disputed information was accurate.

30. Equifax's response did not provide a description of the actual procedure used to verify Plaintiff's information, but instead described a general process applicable to disputes.

31. Despite failing to provide a proper method of verification, Equifax continued to maintain and publish the disputed tradelines.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(1)(A)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Plaintiff notified the defendant of disputed information appearing in a consumer file maintained by Equifax, including specific tradelines and associated reporting.

34. Plaintiff's dispute challenged the accuracy, legality, and reporting basis of the information, including Defendant's lawful authority and supporting documentation.

35. Under 15 U.S.C. § 1681i(a)(1)(A), Defendant was required to reasonably reinvestigate the disputed information and record its status or delete it.

36. Defendant failed to conduct a reasonable reinvestigation.

37. Instead, Defendant issued a conclusory determination that the disputed tradelines were "verified," without identifying the procedures used, the information reviewed, or the basis for such determination.

38. Defendant failed to meaningfully evaluate Plaintiff's dispute and failed to address the substance of Plaintiff's challenges regarding lawful reporting and verification.

39. Defendant's reliance on "verified" responses, without performing a meaningful investigation or producing verification procedures, constitutes an unreasonable reinvestigation under the FCRA.

40. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(4)

41. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

42. In connection with the dispute, Plaintiff submitted relevant information to the Defendant, including a written affidavit addressing lawful authority, permissible purpose, and the lack of supporting documentation.

43. Pursuant to 15 U.S.C. § 1681i(a)(4), Defendant was required to review and consider all relevant information submitted by Plaintiff in connection with the dispute.

44. Defendant failed to review and consider the relevant information submitted by Plaintiff.

45. Defendant's responses show it did not evaluate Plaintiff's dispute and instead relied on conclusory statements that the accounts were 'verified and reported correctly.'

46. Defendant failed to address, analyze, or respond to the information provided by Plaintiff and failed to incorporate such information into any meaningful reinvestigation process.

47. Defendant's failure to consider Plaintiff's submitted information resulted in the continued reporting of disputed tradelines without proper evaluation or verification.

48. Defendant's actions and omissions constitute violations of 15 U.S.C. § 1681i(a)(4).

49. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

### THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(5)

50. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

51. Plaintiff disputed the accuracy, completeness, and lawful reporting basis of multiple tradelines appearing in the consumer file maintained by Defendant Equifax Information Services LLC.

52. Plaintiff's dispute specifically challenged whether the disputed information was supported by lawful authority, permissible purpose, and documentation sufficient to justify continued reporting.

53. Pursuant to 15 U.S.C. § 1681i(a)(5), if disputed information cannot be verified, Defendant is required to delete or modify such information from the consumer's file.

54. Defendant failed to verify the disputed information.

6

55. Defendant did not produce documentation, identify verification procedures, or otherwise show that the disputed tradelines were verifiable under the FCRA

56. Despite the absence of verification, Defendant continued to report the disputed tradelines and maintained them in the consumer file.

57. Defendant's continued reporting of information that could not be verified constitutes a violation of 15 U.S.C. § 1681i(a)(5).

58. Defendant's failure to delete or modify unverifiable information resulted in the continued publication of inaccurate or misleading information concerning Plaintiff.

59. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## FOURTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(6)(B)(iii)

60. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

61. After Defendant Equifax Information Services LLC completed its investigation and claimed that the disputed tradelines were verified, Plaintiff requested the method of verification.

62. Under 15 U.S.C. § 1681i(a)(6)(B)(iii), Defendant must provide the procedures used to verify the information, including the name and address of any furnisher contacted.

63. Defendant failed to provide the required method of verification.

64. Instead, Defendant provided a generalized description of its dispute process, rather than the specific procedures used to verify Plaintiff's disputed information.

65. Defendant did not identify:

- the actual procedure used to verify Plaintiff's accounts;

- the specific information reviewed;

- the furnishers contacted in connection with Plaintiff's dispute; or

- the basis for its determination that the disputed information was accurate.

7. A generalized explanation of dispute procedures does not satisfy Defendant's obligation to provide the actual method of verification used in Plaintiff's case.

8. Defendant's failure to provide the required information deprived Plaintiff of the ability to evaluate the reasonableness and lawfulness of Defendant's investigation and continued reporting.

9. Defendant's actions and omissions constitute violations of 15 U.S.C. § 1681i(a)(6)(B)(iii).

66. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## FIFTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

67. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

68. Defendant Equifax Information Services LLC is a consumer reporting agency and is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in Plaintiff's consumer report(s), pursuant to 15 U.S.C. § 1681e(b).

69. Defendant prepared and maintained consumer reports concerning Plaintiff that included the disputed tradelines described herein.

70. Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in the consumer file maintained by the defendant.

71. Defendant reported and continued to publish the disputed tradelines without maintaining or producing procedures capable of verifying the accuracy and completeness of the information.

8

72. Defendant's reliance on conclusory statements such as "verified" without identifying procedures, demonstrates the absence of reasonable procedures designed to ensure accuracy.

73. Defendant failed to implement procedures sufficient to evaluate disputes involving lawful authority, permissible purpose, and the basis for continued reporting of consumer information.

74. Defendant's actions and omissions constitute violations of 15 U.S.C. § 1681e(b).

75. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## SIXTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681b (Permissible Purpose, including §1681b(a)(2))

76. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

77. Pursuant to 15 U.S.C. § 1681b, a consumer reporting agency may furnish a consumer report only for purposes authorized under the FCRA and must have reason to believe that the requesting party has a permissible purpose.

78. Defendant Equifax Information Services LLC furnished Plaintiff's consumer report information to third parties in connection with credit transactions, including automobile financing and related inquiries

79. Plaintiff placed Defendant on notice that the disputed tradelines lacked lawful authority and that no documentation established a permissible purpose for their reporting.

80. Plaintiff specifically requested documentation demonstrating a permissible purpose, including but not limited to written instructions of the consumer under 15 U.S.C. § 1681b(a)(2).

81. Defendant failed to identify or document any other permissible purpose under 15 U.S.C. § 1681b, including any qualifying credit transaction under §1681b(a)(3).

9

82. Despite Plaintiff's notice and demand, Defendant continued to maintain a consumer report containing the disputed tradelines.

83. Defendant's actions and omissions constitute violations of 15 U.S.C. § 1681b, including but not limited to §1681b(a)(2).

84. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## VII. SEVENTH CLAIM FOR RELIEF
## Violation of the Connecticut Unfair Trade Practices Act (CUTPA)

**(Unfair or Unconscionable Means)**

85. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

86. At all relevant times, Defendant Equifax Information Services LLC engaged in 'trade or commerce' under CUTPA by assembling and furnishing consumer credit information for profit.

87. Defendant's conduct, as alleged herein, constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Conn. Gen. Stat. § 42-110b(a).

88. Plaintiff submitted a dispute to Defendant concerning specific tradelines appearing in Plaintiff's consumer file. The dispute raised issues concerning the accuracy, legality, and reporting basis of the information.

89. Defendant stated the disputed information was 'verified' and continued reporting it without providing documentation, procedures, or explanation.

90. Plaintiff subsequently requested the method of verification, including the procedures used to determine the accuracy and completeness of the disputed information and the identity of any furnishers contacted.

10

91. Defendant did not provide the method of verification and instead stated the accounts were 'previously verified' without identifying procedures, information relied upon, or basis.

92. Defendant's conduct was deceptive and unfair, including but not limited to:

a. Representing that disputed information had been "verified" without providing or possessing documentation or procedures sufficient to substantiate that representation;

b. Mischaracterizing Plaintiff's lawful request for verification procedures as a duplicate or insufficient dispute in order to avoid providing required information;

c. Failing to disclose material information concerning the procedures used to verify disputed information, thereby preventing Plaintiff from meaningfully assessing the accuracy and legality of Defendant's reporting;

d. Employing automated or conclusory dispute responses that give the appearance of compliance while failing to conduct a meaningful investigation or provide required disclosures.

93. Defendant's acts and practices offend public policy as established by the Fair Credit Reporting Act and related consumer protection principles.

94. Defendant's conduct caused substantial injury to Plaintiff that was not reasonably avoidable and not outweighed by any countervailing benefits to consumers or competition.

95. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## VII. <u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury of our peers on all issues, causes of action, and claims for which a right for demand for  trial by jury exists under the Constitution and laws of the United States of America.

## VIII. <u>RELIEF REQUESTED</u>

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Equifax Information Services LLC, and grant the following relief:

1. **Declaratory relief** pursuant to 28 U.S.C. § 2201, declaring that:

- Defendant failed to reasonably reinvestigate Plaintiff's disputes as required by the FCRA;

- Defendant failed to provide the method of verification after claiming that the disputed information was "verified," in violation of 15 U.S.C. § 1681i(a)(6)(B)(iii);

- Defendant failed to maintain and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report information;

- Defendant failed to demonstrate a lawful basis and permissible purpose for the continued furnishing and publication of Plaintiff's consumer report information.

2. **Statutory Damages** pursuant to 15 U.S.C. § 1681n for willful noncompliance with the FCRA.

3. **Actual Damages** in an amount to be determined at trial for injuries suffered as a result of Defendants' conduct, which Plaintiff alleges exceed $150,000.00 and will be proven at trial.

4. **Costs and reasonable attorneys' fees** pursuant to 15 U.S.C. § 1681n and/or § 1681o, and Conn. Gen. Stat. § 42-110g(d).

5. **Equitable and injunctive relief**, including but not limited to:

- An order requiring Defendant to delete or correct the disputed credit accounts from Plaintiff's consumer file.

6. **Punitive damages** pursuant to 15 U.S.C. § 1681n and as permitted under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110g.

7. Such other and further relief as the Court deems just, proper, and equitable.

## IX. AFFIDAVIT OF FACTS

I, John Hilaire, being over the age of eighteen (18), hereby affirm and state as follows:

1. I am the Plaintiff in this action and have personal knowledge of the facts stated herein.

2. On or about August 7, 2025, I obtained a copy of my consumer report information, which reflected multiple tradelines being maintained and published by Defendant Equifax Information Services LLC.

3. The tradelines appearing in my consumer file included accounts associated with American Express, Apple Card/Goldman Sachs Bank USA, Navy Federal Credit Union, Nationstar Mortgage, and First Tech Federal Credit Union.

4. On or about December 14, 2025, I submitted a dispute through the Consumer Financial Protection Bureau (CFPB) concerning the reporting of these tradelines.

5. My dispute was not limited to account ownership, balances, or identity. Instead, I challenged whether Equifax had lawful authority to possess, process, and report my nonpublic personal information, including compliance with permissible-purpose and privacy requirements.

6. In connection with my dispute, I requested documentation demonstrating lawful authority, permissible purpose, and the basis for Equifax's continued reporting of the tradelines.

7. Equifax indicated that it completed its investigation on or about December 31, 2025.

8. In response to my dispute, Equifax issued determinations stating that the disputed tradelines were "verified," "reported correctly," or "belong to" me.

9. Equifax did not provide documentation demonstrating lawful authority, permissible purpose, or the procedures used to verify the disputed information.

10. On or about January 11, 2026, I requested through the CFPB the method of verification, including the procedures used, furnishers contacted, and documentation relied upon.

11. In response, Equifax did not provide the specific method of verification used for my disputed tradelines.

12. Instead, Equifax provided a general description of its dispute process, stating that disputes are forwarded to furnishers, reviewed, and returned electronically.

13. Equifax did not identify the actual procedures used to verify my accounts, the specific information reviewed, the furnishers contacted in connection with my dispute, or the basis for determining that the disputed information was accurate.

13

14. To my knowledge, Equifax has not demonstrated that the disputed information was capable of being verified in accordance with the requirements of the Fair Credit Reporting Act.

15. Despite the absence of proper verification, Equifax continued to maintain and publish the disputed tradelines in my consumer file.

16. As a result of Equifax's conduct, I have suffered harm, including damage to my credit reputation and creditworthiness.

17. I have experienced denial of credit and increased barriers to obtaining credit, including significantly higher down payment requirements for automobile financing.

18. I have also expended time, effort, and resources attempting to correct the inaccurate and unverifiable reporting.

19. The foregoing facts are based upon my personal knowledge and review of the documents and communications received in connection with my dispute.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By: _____

John Hilaire

**JURAT**

State of Connecticut)

)

County Fairfield)

**ACKNOWLEDGED BEFORE ME** this _6_ day of April, A.D. 2026, by John Hilaire, who personally appeared before me and acknowledged that he executed the foregoing instrument for the purposes therein contained.

_____

**Signature of Notary Public**

My commission expires,

PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

14

## IX. VERIFICATION

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against Equifax Information Services LLC, and all attached Exhibits are true, and that I will verify the same in open court.

Executed this 6th day of April, 2026.

By:_____

John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF: Connecticut                                        COUNTY OF: Fairfield

Subscribed and affirmed before me this ___6___ day of ___April___, 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

_____

Notary Public                                        My Commission Expires:



PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

## CERTIFICATION

I hereby certify that on this 6th day of April, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendants at the following address:

**Defendant:** Equifax Information Services LLC

**Defendants' Agent Service Addresses:** Corporation Service Company, 225 Asylum Street, Floor 20, Hartford, Connecticut 06103

Service will be affected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

By: _____

John Hilaire

16